**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02317-WJM

DANIEL BACA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
ATTORNEY FEES UNDER 42 U.S.C. §406(b)**

---

Before the Court is Plaintiff's Unopposed Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) ("Motion"), filed on February 28, 2012. (ECF No. 30.)

Before this case was initiated, Plaintiff signed a retainer agreement with his counsel, Mr. Spencer, in which he agreed to pay as attorney's fees twenty-five percent of his past-due benefits if he prevailed in this case. (ECF No. 30-1 at 1.) After full briefing on the merits, the Court found in favor of Plaintiff and awarded him benefits retroactive to March 11, 2007. (ECF No. 25.) The Social Security Administration has determined the amount of Plaintiff's past-due benefits is $47,400.80. (ECF No. 30-3 at 1.) Accordingly, pursuant to the terms of the retainer agreement, Mr. Spencer is entitled to $11,095.50 in attorney fees. The Social Security Administration has withheld this amount from its payment to Plaintiff for past-due benefits. (*Id*.)

Despite this contractual agreement, for Mr. Spencer to recover his fees, the Court must make a determination that the amount requested is reasonable. *See* 42 U.S.C. § 406(b). The law explicitly permits an attorney representing a plaintiff in a federal court action to recover up to twenty-five percent of the past-due benefits. *Id*. ("court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits"). Thus, the retainer agreement here is legally valid.

Moreover, even if the Court awards Mr. Spencer twenty-five percent of the past-due benefits, Plaintiff will not personally have to pay that full amount. In this case, the Court has already found that Plaintiff's counsel is entitled to recover $ 6,750.00 from Defendant under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 29.) The law requires counsel to offset any money received under the EAJA against the fees to which they are entitled under a contingency agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, when the Court makes an EAJA award, it essentially lessens the amount that the plaintiff has to pay for his attorney.

Because the Court has ordered Defendant to pay $6,750.00 to Mr. Spencer, Plaintiff will ultimately pay $4,345.50 for Mr. Spencer's services in this case, which is less than ten percent of his past-due benefits award. Having reviewed the Motion, the documents filed in support thereof, and the history of this case, the Court finds that the amount requested by Mr. Spencer under 42 U.S.C. § 406(b) is reasonable.

Accordingly, Plaintiff's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) is GRANTED. Defendant shall pay to Plaintiff's counsel a reasonable attorney fee under 42 U.S.C. § 406(b) in the gross amount of $11,095.00. Upon receipt of the $11,095.00 fee from the Defendant, Plaintiff's counsel shall refund to the Plaintiff the $6,750.00 attorney fee previously awarded pursuant to the EAJA in this matter.

Dated this 6th day of March, 2012.

BY THE COURT:

William J. Martinez
United States District Judge